NOT DESIGNATED FOR PUBLICATION

No. 118,481

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRANDON M. LLOYD,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed January 18, 2019. Affirmed in part, vacated in part, and remanded with directions.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., HILL and SCHROEDER, JJ.

PER CURIAM:  Brandon M. Lloyd appeals the district court's order imposing $9,281.23 in restitution. Lloyd fails to show the restitution order was unworkable upon his release from prison or how the district court abused its discretion. He also argues—and the State concedes—the correct amount of restitution is $9,206.23. We affirm in part, vacate in part, and remand to the district court to set the correct amount of restitution.

Lloyd pled guilty to five counts of aggravated incest. As part of the plea agreement, the State agreed to recommend the court make border box findings to place

1

Lloyd on probation. The State also agreed not to oppose his request for an interstate compact to Ohio.

At sentencing, the State sought restitution exceeding $73,900 for incurred and future expenses by the victim. Lloyd objected, arguing the expenses were the indirect and consequential results of his conduct. Lloyd also argued the restitution order would be unworkable because he had been incarcerated and without work.

The district court denied the joint request for probation and sentenced Lloyd to 31 months' imprisonment on each count and ran 2 counts consecutive, with the remaining counts running concurrently, for a controlling sentence of 62 months' imprisonment. The district court ordered $9,281.23 in restitution. It found $65,714.75 in future expenses would be an unworkable order and also declined to include the costs of a security system as restitution. Lloyd asked the district court to find any restitution order unworkable since he had been incarcerated and would remain incarcerated serving his 62-month term of imprisonment. The district court denied his request.

"'Questions concerning the "amount of restitution and the manner in which it is made to the aggrieved party" are reviewed under an abuse of discretion standard.'" *State v. Shank*, 304 Kan. 89, 93, 369 P.3d 322 (2016). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015).

Under K.S.A. 2017 Supp. 21-6604(b)(1), a sentencing court must order restitution "unless [it] finds compelling circumstances which would render a plan of restitution unworkable." The defendant has the burden of providing evidence of compelling circumstances that make the plan of restitution unworkable. *State v. Holt*, 305 Kan. 839, 842, 390 P.3d 1 (2017).

2

Lloyd argues the district court abused its discretion when it ordered restitution because it used the wrong legal standard. After the court sentenced Lloyd to incarceration, Lloyd argued restitution was unworkable because he had been incarcerated for the previous nine months, would be incarcerated for at least three and a half more years, and had been a college student. The district court responded, "I do believe that roughly $9,200 is a fairly *de minimis* amount and is appropriate under the circumstances." Lloyd contends the district court applied the wrong legal standard. This argument is unpersuasive because the Kansas Supreme Court has held impending imprisonment is insufficient to render restitution unworkable. *State v. Alcala*, 301 Kan. 832, 840, 348 P.3d 570 (2015).

Like the defendants in *Holt* and *Alcala*, Lloyd presented no evidence to show the restitution order was unworkable once he was released from prison. Similar arguments were insufficient in *Holt* and *Alcala.* Lloyd failed to meet his burden to show the restitution order was unworkable. The restitution order based on the facts of this case was reasonable and not an abuse of discretion. Lloyd is not entitled to relief.

Next, Lloyd claims the restitution order of $9,281.23 is the wrong amount. He argues the correct amount should be $9,206.23. The State concedes the correct amount is $9,206.23. We agree with the parties. Thus, we vacate the district court's order on restitution and remand for the district court to set the amount of restitution as the parties agreed it should be.

Affirmed in part, vacated in part, and remanded with directions.